# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0958V
UNPUBLISHED

| | |
|---|---|
| CRYSTAL CERVANTEZ-TKAC,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 16, 2021<br><br>Special Processing Unit (SPU);<br>Findings of Fact; Site of Vaccination<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Lynn Christina Schlie*, U.S. Department of Justice, Washington, DC, for Respondent.


## **FINDINGS OF FACT**[1]

On August 3, 2020, Crystal Cervantez-Tkac filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving an influenza ("flu") vaccine on December 20, 2018. Petition at 1, ¶¶ 2, 8. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Fact Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Fact Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons discussed below, I find the flu vaccine was most likely administered in Petitioner's left deltoid, as alleged.

### I.     Relevant Procedural History

Along with the Petition, Ms. Cervantez-Tkac filed the affidavit and most of the medical records required under the Vaccine Act. Exhibits 1-2, 4-6, ECF No. 1; *see* Section 11 (c). A few weeks later on August 17, 2020, Petitioner filed the remaining medical records. Exhibit 3, filed by CD. On February 10, 2020, Respondent filed a status report indicating additional vaccine documentation, providing information such as the site of vaccination was needed. ECF No. 13. He also requested updated medical records. *Id.*

Over the subsequent month, Petitioner filed updated medical records and additional vaccine documentation providing some of the information requested. Exhibits 7-10, ECF Nos. 14-15. The additional vaccine documentation provided some of the information sought by Respondent, such as the vaccine's lot number, but still did not indicate the arm in which the vaccine was administered. Exhibit 10 at 2.

The initial status conference, previously delayed, was held on May 4, 2021. The parties indicated at this time that additional vaccine documentation, such as the consent form, would be helpful. ECF No. 18. Respondent estimated that the HHS review would be completed within three months. *Id.*

Over the subsequent three-month period, Petitioner filed three motions for subpoena authority – all which were granted. ECF Nos. 19-23, 25. On August 9, 2021, Petitioner filed the documentation obtained in response to the most recent subpoena served, which still did not indicate the site of vaccination. Exhibit 11.

After informing the parties that I intended to issue a ruling regarding this factual issue, Respondent noted that he did not wish to file any additional briefing on the matter. *See* Informal Remark, dated Aug. 11, 2021. The issue is now ripe for adjudication.

### II.    Issue

At issue is whether Petitioner received the December 20, 2018 vaccine in her left deltoid, as alleged.

### III. Authority

Pursuant to Vaccine Act Section 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act Section 11(c)(1). A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Section 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Cucuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

Accordingly, where medical records are clear, consistent, and complete, they should be afforded substantial weight. *Lowrie v. Sec'y of Health & Human Servs.*, No. 03-1585V, 2005 WL 6117475, at *20 (Fed. Cl. Spec. Mstr. Dec. 12, 2005). However, this rule does not always apply. In *Lowrie*, the special master wrote that "written records which are, themselves, inconsistent, should be accorded less deference than those which are internally consistent." *Lowrie*, 2005 WL 6117475, at *19.

The United States Court of Federal Claims has recognized that "medical records may be incomplete or inaccurate." *Camery v. Sec'y of Health & Human Servs.*, 42 Fed. Cl. 381, 391 (1998). The Court later outlined four possible explanations for inconsistencies between contemporaneously created medical records and later testimony: (1) a person's failure to recount to the medical professional everything that happened during the relevant time period; (2) the medical professional's failure to document everything reported to her or him; (3) a person's faulty recollection of the events when presenting testimony; or (4) a person's purposeful recounting of symptoms that did not exist. *La Londe v. Sec'y of Health & Human Servs.*, 110 Fed. Cl. 184, 203-04 (2013), *aff'd*, 746 F.3d 1335 (Fed. Cir. 2014).

The Court has also said that medical records may be outweighed by testimony that is given later in time that is "consistent, clear, cogent, and compelling." *Camery*, 42 Fed. Cl. at 391 (citing *Blutstein v. Sec'y of Health & Human Servs.*, No. 90-2808, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30, 1998). The credibility of the individual offering such testimony must also be determined. *Andreu v. Sec'y of Health & Human Servs.*, 569 F.3d 1367, 1379 (Fed. Cir. 2009); *Bradley v. Sec'y of Health & Human Servs.*, 991 F.2d 1570, 1575 (Fed. Cir. 1993).

The special master is obligated to fully consider and compare the medical records, testimony, and all other "relevant and reliable evidence contained in the record." *La Londe*, 110 Fed. Cl. at 204 (citing Section 12(d)(3); Vaccine Rule 8); *see also Burns v. Sec'y of Health & Human Servs*., 3 F.3d 415, 417 (Fed. Cir. 1993) (holding that it is within the special master's discretion to determine whether to afford greater weight to medical records or to other evidence, such as oral testimony surrounding the events in question that was given at a later date, provided that such determination is rational).

## IV.   Finding of Fact

I make the following finding regarding site of vaccination after a complete review of the record, including medical records, affidavits, and other additional evidence filed showing:

- All three vaccines records which were filed indicate Petitioner received the flu vaccine intramuscularly, but do not indicate the arm in which the vaccine was administered. Exhibit 1 at 8; Exhibit 10 at 1-2; Exhibit 11 at 3-5.

- In her declaration, Petitioner alleges that she the flu vaccine in her left shoulder. Exhibit 2 at ¶ 2.

- On February 14, 2019, approximately two months post-vaccination, Petitioner returned to the clinic where she received the vaccination, complaining of "arm pain from the site of vaccination." Exhibit 3 at 47.

- Four months later, she visited CHPG Primary Care Porter to establish care. Exhibit 5 at 16. She complained of right foot pain, diagnosed as plantar fasciitis, and acute left shoulder pain which started after immunization. *Id.* Petitioner reported that "[s]he had a flu shot in December . . . [which] was given higher in her left shoulder than normal." *Id.* at 18. While reporting that her pain was improving, she described daily pain and difficulty sleeping. *Id.*

- On July 17, 2019, Petitioner was evaluated for physical therapy. Exhibit 6 at 115. She reported "that she had a flu shot in December which was very painful." *Id.*

The above medical entries show that, when seeking treatment for her left shoulder pain, Petitioner consistently attributed her pain to the flu vaccine she reported receiving in her left arm. She provided these histories to the clinic where she received the vaccine, to her new primary care provider, and to the physical therapist soon after vaccination,

4

when seeking treatment of her left shoulder pain during the seven months following vaccination. While originating from Petitioner, these statements are set forth in contemporaneous records, and should therefore be afforded greater weight than any subsequent assertion or witness statement. The Federal Circuit has stated that "[m]edical records, in general, warrant consideration as trustworthy evidence . . . [as they] contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions." *Cucuras*, 993 F.2d at 1528 (emphasis added). Thus, the Circuit has instructed that greater weight should be accorded to this class of information, even when the record in question simply memorializes what the petitioner said at the time.

The vaccine record clearly establishes that, on December 20, 2018, Petitioner received a flu vaccine which was administered intramuscularly. Thereafter, when seeking medical care for her left shoulder pain, Petitioner consistently attributed the source of her pain to the flu vaccine she described as improperly administered in her left deltoid. There is a dearth of evidence that the vaccine was administered in any other location. I thus determine, based on the record as a whole, that preponderant evidence establishes that the flu vaccine to which Petitioner attributes her SIRVA was most likely administered in her left deltoid on December 20, 2018.

### V.     Scheduling Order

Based on recent data, I expect the HHS review to be completed in this case in September 2021. Although not clear whether Petitioner's injury meets all criteria for a Table SIRVA, given my finding of fact with regard to the site of vaccination, it appropriate for Petitioner to forward a demand and supporting documentation to Respondent prior to the HHS review. And I previously instructed Petitioner to begin finalizing her demand, which appears to involve an amount needed to satisfy a Medicaid lien, in early May 2021. ECF No. 18. While awaiting the HHS review, Petitioner should continue to work on finalizing her demand.

**Respondent shall file a status report indicating how he intends to proceed by no later than Thursday, September 16, 2021.**

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master
